UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RICHARD KNOWLES,

    Plaintiff,

CASE NO.: 2:17-cv-54

**Jury Trial Demanded**

v.

ALLIED INTERSTATE LLC,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, Richard Knowles, by and through undersigned counsel, files suit against Allied Interstate LLC, and states as follows:

### NATURE OF ACTION

1.    Plaintiff brings this action pursuant to 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"). Fundamentally, this case concerns the Defendant's refusal to respect Plaintiff's personal legal rights in its attempts to collect an alleged debt.

### JURISDICTION AND VENUE

2.    Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the TCPA, 47 U.S.C. § 227 *et seq. See* Mims v. Arrow Fin. Serv., LLC, 132 S.Ct. 740, 753 (2012).

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Southern District of Georgia. Plaintiff suffered the injuries in Glynn County, Georgia.

## PARTIES

4. Plaintiff, Richard Knowles ("Mr. Knowles" or "Plaintiff"), is a natural person who resides in Glynn County, Georgia. Plaintiff is also a "person" under 47 U.S.C. § 227 *et seq.*

5. Defendant, Allied Interstate LLC ("Allied" or "Defendant"), is incorporated in Minnesota, does business in the State of Georgia, and is a "person" under 47 U.S.C. § 227 *et seq.*

6. Defendant, in the conduct of its business, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

7. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## BACKGROUND

8. Beginning approximately in January 2015, Mr. Knowles began to receive multiple telephone calls from Allied to his cell phone in an attempt to collect a debt (the "Alleged Debt").

9. Upon receipt of the third or fourth collection call from Allied to his cell phone, Mr. Knowles told Allied that he could not pay the Alleged Debt and told Allied to stop calling.

10. Nevertheless, Allied continued to make four to five collection calls to Mr. Knowles' cell phone each day, six days a week attempting to collect the Alleged Debt.

11. Mr. Knowles knew that it was Allied calling his cell phone because Mr. Knowles recognized the incoming telephone numbers.

12. Allied called Mr. Knowles' cell phone using an automatic telephone dialing system. This was evidenced by the fact that when Mr. Knowles would answer a call on his cell phone from Allied, he would hear pauses and pre-recorded messages prior to a live representative appearing on the line.

13. Despite Mr. Knowles' cease and desist request, Allied continued to call Mr. Knowles' cell phone until April 2015.

14. As described below, Defendant's conduct constitutes a violation of the TCPA.

## COUNT I

## VIOLATIONS OF THE TCPA BY ALLIED

15. This is an action against Allied for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

16. Plaintiff re-alleges and reincorporates paragraphs 1 through 14, as if fully set forth herein.

17. Defendant, in the conduct of its business, used an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

18. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

19. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone using an automatic telephone dialing system without Plaintiff's prior express consent.

20.     Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

21.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

22.     As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

23.     Based upon the willful, knowing, and intentional conduct of Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: May 9, 2017

Respectfully Submitted,

DAVIS LAW FIRM

TODD M. DAVIS, ESQ.
GA BAR NO. 107809
Bank of America Tower
50 N. Laura Street
Suite 2500
Jacksonville, FL 32202
904-400-1429 (T)
904-638-8800 (F)
TD@DAVISPLLC.COM